UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BESS,

    Petitioner,

v.                                     Case No.: 2:09-CV-12138

CHRISTOPHER ZYCH,

    Respondent.
_____/

**OPINION AND ORDER CONSTRUING "PETITION" AS A "MOTION
TO TRANSFER CASE," DENYING THE MOTION, AND DIRECTING
THE CLERK OF COURT TO CLOSE THE CASE**

On June 3, 2009, Petitioner Edward Bess, a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan, filed a "Petition" with this court seeking to transfer his criminal case from the United States District Court for the Southern District of Georgia to this district. Because Petitioner's requested relief is to transfer his case, the court will construe his "Petition" as a motion to transfer case, will deny the motion, and direct the Clerk of Court to close the case.

**I. BACKGROUND**

Petitioner pleaded guilty to one count of possession of a firearm by a convicted felon, armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), in the United States District Court for the Southern District of Georgia and was sentenced to 180-months imprisonment, one year of supervised release with special conditions, and a $100.00 special assessment in 2005. *See Bess v. United States*, No. CR204-36, 2007 WL 3027385 (S.D. Ga. Oct. 15, 2007). The United States Court of Appeals for the

Eleventh Circuit affirmed Petitioner's conviction and sentence finding no issues of arguable merit. *United States v. Bess*, 210 F. App'x 989 (11th Cir. 2006). Petitioner then sought a petition for writ of certiorari with the United States Supreme Court which was denied. *Bess v. United States*, 129 S. Ct. 519 (2008).

Petitioner also filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Georgia challenging the voluntariness of his plea and the effectiveness of defense counsel, which was denied. *Bess v. United States*, No. CV207-002, 2007 WL 3027385 (S.D. Ga. Oct. 15, 2007) (adopting magistrate judge's report and recommendation). Petitioner did not appeal this decision.

In his current action before this court, Petitioner requests that his criminal case be transferred out of the Southern District of Georgia. In support of this requested relief, Petitioner contests the voluntariness of his plea on the basis of the partiality of the district court judge and the ineffectiveness of defense counsel. In particular, he asserts that the federal judge who presided over his case in Georgia was improperly involved in the plea-taking process and seeks a change of venue/transfer to this court.

## II. DISCUSSION

Petitioner has not stated the theory of relief upon which he filed this petition; however, *pro se* petitioners enjoy the benefit of a generous construction of their pleadings and filings by the court. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). While Petitioner's petition lacks precision in pleading a particular legal claim, Petitioner seeks the disqualification of the judge who presided over his criminal proceedings and requests a change of venue/transfer of his criminal case, and the court will therefore

construe the petition as a motion to transfer case. To request a transfer of case pursuant to Criminal Rule of Criminal Procedure, which Petitioner cites to in his brief, the transferring, rather than the receiving court, must grant the request. Fed. R. Crim. P. 21. Therefore, any motion for change of venue or transfer by Petitioner should be filed and considered in the transferring district. *See id.* This court has no authority to intercede in that case, or to review or overturn a decision by another federal district court. *See, e.g., In re McBryde*, 117 F.3d 208, 223, 225-26 (5th Cir. 1997); *Cobble v. Bernanke*, No. 3:09MC-3-R, 2009 WL 1076137, *2 (W.D. Ky. April 21, 2009); *Marshall v. Managed Care Advisory Group*, 452 F. Supp. 2d 792, 793 (N.D. Ohio 2006) (citing cases for proposition that "it is axiomatic that one district court has no jurisdiction to review the decision of another district court"). Therefore, the court will deny Petitioner's motion.

While Petitioner specifically requests relief in the form of a change of venue or transfer, he supports his request by alleging the involuntariness of his plea on the basis that the district judge adjudicating his case was biased and his counsel was ineffective.[1] Ordinarily, "a petitioner challenging the legality of a sentence must bring his claim under § 2255 in the sentencing court." *McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for relief on a federal inmate's claims that his sentence was imposed in violation of the federal constitution or federal law. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.

---

[1] Petitioner attaches to his brief requesting transfer of case the § 2255 petition he filed in the Southern District of Georgia.

1998).  Even though Petitioner desires to transfer his case in order to challenge the legality of his sentence, the court will not construe Petitioner's petition as a § 2255.  The Sixth Circuit has instructed district courts to refrain from construing prisoner motions as § 2255 petitions without first notifying the prisoner.  *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002), because "[a]n unintended byproduct of [liberally construing pro se filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed pro se litigant of the future opportunity to file a motion to vacate his sentence under § 2255."  *Id.* at 621.  A court may also refrain from construing a prisoner's motion as a § 2255 petition if it would plainly lack merit.  *See Wesley v. United States*, 1995 WL 603329, *1 (6th Cir. Oct. 12, 1995); *see also Cook v. United States*, 1998 WL 69784, *2 (6th Cir. Feb. 10, 1998).  Petitioner has already filed one § 2255 in the Southern District of Georgia, and the court denied the petition.  Because of the cautions of the Sixth Circuit and the lack of any factual support for Petitioner's bare assertions, the court will not construe Petitioner's petition as a § 2255 petition.

Finally, even if this court were to construe Petitioner's pleading as a petitioner for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, the court would deny the petition.  A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).  Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence.  *Id.* at 758.  In general, "a petitioner challenging the execution or manner in which [his] sentence is served may bring a claim under § 2241

in the court having jurisdiction over the prisoner's custodian." *McCully*, 60 F. App'x at 588 (citing *Peterman*, 249 F.3d at 461).

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. The petitioner in this case has not shown that his remedy under § 2255 is inadequate or ineffective. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

The only circumstance in which the United States Court of Appeals for the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when the petitioner states a facially valid claim for actual innocence. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Martin*, 319 F.3d at 894. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 624. Petitioner has made no such showing, and therefore the court would deny such a petition.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's "Petition" [Dkt. # 1] is CONSTRUED as a motion to transfer and is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is DIRECTED to close this case.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: June 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2009, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522